ELLIS, Judge.
This case arises out of an accident which happened when Mrs. Helen S. Bramlett slipped and fell while on the premises of a service station operated by Joe S. Felps, and leased by him from William F. Kline, Jr. This suit was brought by Mrs. Bramlett and her husband against Mr. Kline, Mr. Felps, and their liability insurers. After trial on the merits, judgment was rendered in favor of defendants, dismissing plaintiffs’ suit at their cost. From that judgment, plaintiffs have appealed.
The record shows that Mr. Felps’ service station is located on the corner of Liberty Street and St. Helena Street in Clinton, Louisiana. Automobiles can enter the service station from either street. The surface of the floor of the station is concrete and is about six inches higher than the sidewalk. On both streets, there is a concrete ramp about nineteen inches wide, the surface of which is inclined at an angle of approximately ten degrees from the horizontal and which leads from the level of the sidewalk up to the floor of the station premises.
The accident happened at 3:30 or 4:00 o’clock on a Saturday afternoon. The station had just closed and Mr. Felps and his helper were preparing to go home. Mrs. Bramlett and her daughter-in-law testified that they were then walking along Liberty Street and found a car on the sidewalk blocking their way. Rather than step into the street to go around the car, they cut through the station premises in order to reach St. Helena Street. As they reached the edge of the ramp on St. Helena Street, Mrs. Bramlett slipped and fell, breaking her ankle. Although in her petition she alleges she fell because of the deceptive slope of the concrete rámp above described, at the trial she testified that she fell because of a spot of grease on the floor of the station. Her daughter-in-law testified that although she did not see Mrs. Bramlett step in the grease, she observed a spot of grease on the floor of the station with a skid mark in it.
Mr. Felps and his employee both testified that there was no grease on the floor of the station. Mr. Ben Dart, who examined the premises shortly after the accident, testified that he saw no grease on the floor. Although it was raining at the time, no one testified that there was any water on the floor at the point where Mrs. Bramlett fell, *442 although there is testimony to the effect that it was damp.
Mrs. Bramlett testified that she had cut across the premises of the station on a number of occasions before and that she was aware of the existence of the concrete ramp.
The liability of the landowner, Mr. Kline, must be predicated upon Article 2322 of the Civil Code, which reads as follows:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.”
The only vice in the construction pointed out is the slope of the concrete ramp, the dimensions of which are given above. There is no testimony or other evidence in the record to show that it is inherently dangerous. The slope, ten degrees from the horizontal, is not extreme. Mrs. Bramlett testified that she could see it, that she knew of its existence, and chat she had cut through the station on a number of occasions without incident. We find no basis for liability on the part of Mr. Kline under Article 2322. It is not pretended that he was in any way connected with the operation of the station.
The trial judge found as a matter of fact that plaintiffs had not proved by a preponderance of the evidence the presence of oil or grease spots on the floor of the station where plaintiff fell. With this finding, we must agree. The trial judge accepted the testimony of defendants’ witnesses on the point, and we cannot say that in so doing he was manifestly erroneous. No other negligence on the part of Mr. Felps is pointed out by plaintiffs.
Since we are of the opinion that the defendants are free from negligence, we need not consider either plaintiffs’ status on the premises, defendants’ duty toward the plaintiffs, or the question of plaintiff’s contributory negligence, except to say that we feel that the trial judge correctly decided these issues adversely to the plaintiffs’ contentions.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.